1 F.3d 1242
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Elizario FRESQUEZ, Defendant-Appellant.
 No. 92-6429.
 United States Court of Appeals, Sixth Circuit.
 Aug. 4, 1993.
 
 Before: GUY and NELSON, Circuit Judges; and WELLFORD, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant, Elizario Fresquez, entered a conditional guilty plea to possession of marijuana with the intent to distribute. 21 U.S.C. Sec. 841(a)(1). Prior to entering his plea, defendant filed a motion to suppress which concerned the marijuana seized by police without a warrant from defendant's pick-up truck. Fresquez argues there was no probable cause justifying the search and seizure. After holding a hearing, Judge Edgar denied the motion to suppress.
 
 
 2
 Upon a review of the record, we conclude, as did the trial judge, that probable cause existed for the search and seizure, and we affirm.
 
 I.
 
 3
 Officer Gary Lomenick, a 19-year veteran of the Chattanooga Police Department, received information from a confidential informant that defendant would be delivering five pounds of marijuana to the Plaza Motel in Tiftonia, Tennessee. Lomenick had worked with this informant for two and one-half years and knew him to be reliable. Through information provided by this informant, Officer Lomenick had instituted successful prosecutions in the past.
 
 
 4
 Pursuant to the informant's tip, Lomenick and other officers set up surveillance outside the motel. Defendant was seen to arrive in his pick-up truck and take a cardboard box from the rear of the truck and carry it into the motel. Consistent with a pre-arranged plan, Lomenick called the informant in the motel after the defendant entered. The informant was posing as a middleman, and when Lomenick called, he received confirmation that the defendant had brought the marijuana into the room. Lomenick instructed the informant to tell the defendant that the telephone call was from the buyer who would not be showing up. The defendant then left the motel, put the box back in his truck, and drove away. The officers followed, and shortly thereafter stopped the defendant. A search of the unsealed box in the rear of the truck revealed five plastic bags of marijuana. Defendant was arrested and subsequently indicted by a federal grand jury.
 
 II.
 
 5
 The probable cause to support the search and seizure is supplied by the totality of facts known to the officers. An informant who had been used in the past and had proved to be reliable supplied the initial tip. The officers confirmed part of what the informant told them when they saw Fresquez arrive at the motel and take a box into the informant's room. Officer Lomenick then confirmed that the box contained marijuana by calling the room and talking directly to the informant. After Fresquez was seen entering and leaving with the same box, he was arrested. As Judge Edgar stated in his opinion denying the motion to suppress: "The totality of the circumstances would warrant the conclusion that there was a probability that the defendant was engaged in criminal activity which would have placed contraband in the truck at the time it was searched. See generally United States v. Barrett, 890 F.2d 855 (6th Cir.1989)." (App. 25).
 
 
 6
 It is now clear that where officers have probable cause to search a vehicle, they also may search containers within the vehicle when they have probable cause to believe such containers hold contraband or evidence. California v. Acevedo, 111 S.Ct.1982 (1991). Such was the case here.
 
 
 7
 AFFIRMED.